# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KENDRICK CHRISTMAS (#585115)**      **CIVIL ACTION NO.**

**VERSUS**      **18-691-BAJ-EWD**

**DARREL VANNOY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 6, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KENDRICK CHRISTMAS (#585115)**      **CIVIL ACTION NO.**

**VERSUS**      **18-691-BAJ-EWD**

**DARREL VANNOY, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is an application for writ of habeas corpus[1] brought pursuant to 28 U.S.C. § 2254, filed by Kendrick Christmas ("Petitioner"). Because Petitioner's claims are untimely and not subject to tolling, it is recommended that the case be dismissed. There is no need for oral argument or for an evidentiary hearing.

### I.  Procedural History

On August 25, 2009, Petitioner was charged via a grand jury indictment in the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana with one count of second degree murder in violation of La. R.S. 14:30.1, and two counts of attempted second degree murder in violation of La. R.S. 14:27.30.1.[2] On April 14, 2011, Petitioner was found guilty on all counts by a unanimous jury.[3] On June 10, 2011, Petitioner filed a motion for post-verdict judgment of acquittal and motion for new trial, which was denied on June 13, 2011.[4] That same date, Petitioner was sentenced as follows: on count one, life at hard labor without the benefit of probation, parole, or suspension of sentence; on count two, fifty years without the benefit of parole, probation, or suspension of sentence; and on count three, fifty years without the benefit of parole, probation, or

---

[1] R. Doc. 1.
[2] R. Doc. 7, p. 24.
[3] R. Doc. 7, p. 110; R. Doc. 10, p. 242.
[4] R. Docs. 7, pp. 111-112, 125; 11, p. 15.

suspension of sentence.[5] All sentences are to run concurrently.[6] Petitioner filed both a direct appeal and an application for post-conviction relief.

## II.    The Petition is Untimely

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date he judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review.[7] If a petitioner stops the direct appeal process before proceeding through all available state courts, "the conviction becomes final when the time for seeking further direct review in the state court expires."[8] The time during which a "properly filed" application for state post-conviction or other collateral review is "pending" in the state courts is not be counted toward the one-year limitations period.[9] Conversely, any time during which there are no properly filed post-conviction or collateral review proceedings pending before the state courts does count toward the passage of the one-year period. A state post-conviction relief application is considered "pending" (1) while it is before a state court for review; and (2) during the time authorized to file a timely application for further review at the next level of state consideration (thirty days in the State of Louisiana, unless an *allowable* extension is granted).[10]

### A. 566 Days of Untolled Time Passed Before Petitioner Filed His Federal Habeas Petition

On June 20, 2011, Petitioner filed a motion for appeal.[11] Petitioner filed his direct appeal with the Louisiana First Circuit Court of Appeals ("First Circuit") on December 12, 2011.[12] The

---

[5] R. Doc. 7, pp. 120, 125; R Doc. 11, pp. 23-24.
[6] R. Doc. 7, pp. 120, 125.
[7] 28 U.S.C. § 2244(d)(1)(A).
[8] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).
[9] 28 U.S.C. § 2244(d)(2).
[10] *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).
[11] R. Doc. 7, p. 126; R. Doc. 11, p. 30.
[12] R. Doc. 12, pp. 279-308.

2

appeal was denied on June 8, 2012.[13] Petitioner then filed a writ application with the Louisiana Supreme Court seeking review of the First Circuit's opinion on July 3, 2012.[14] The Louisiana Supreme Court denied Petitioner's writ application on January 25, 2013.[15] Petitioner then had ninety days to seek review with the United States Supreme Court. Petitioner did not seek review further review on direct appeal. Accordingly, the judgment became final ninety days later, on April 25, 2013, and Petitioner's one-year limitations period for filing a federal habeas corpus petition began to run.[16]

The one-year limitations period ran for 227 days,[17] until December 10, 2013, when Petitioner filed his application for post-conviction relief ("PCR application") with the state district court.[18] On May 21, 2015, his PCR application was denied by the state district court.[19] Petitioner

---

[13] R. Doc. 1, p. 1. *See also, State v. Christmas*, No. 2011-KA-2047, 2012 WL 2061506 (La.App. 1 Cir. 6/8/12).
[14] R. Doc. 12, pp. 260-277.
[15] R. Doc. 11, p. 34.
[16] *See Roberts*, 319 F.3d at 694 (recognizing that a conviction becomes final for federal purposes after the 90-day period allowing a petitioner to proceed in the United States Supreme Court has passed if he has not pursued such relief).
[17] In calculating the time that elapsed between the date the conviction became final and the filing of the PCR application, Respondent included an additional day, comprised of either the last day Petitioner had to file with the United States Supreme Court or the date the PCR application was filed. Including either of these dates in the calculation is incorrect. *See* Fed. R. Civ. P. 6(a)(1)(C); *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009) ("the § 2244 limitations period is tolled beginning on the date a defendant files his state habeas petition."). Using the correct date of filing and the correct method of calculation, 227 days, not 236, passed untolled.
[18] R. Doc. 1-5, pp. 53-60; R. Doc.12, pp. 83-88. Respondent has used the dates documents were file-stamped by the respective courts as the date of filing for certain documents. *See*, R. Doc. 6, pp. 5-7. This method of dating is incorrect under state law. Louisiana law requires federal courts to apply the prison mailbox rule. *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006). The "prison mailbox rule" was adopted by the Supreme Court in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988). Though the *Houston* Court was interpreting federal procedural rules, many state courts, including Louisiana, "have incorporated the prison mailbox rule as an incident of their state filing deadlines." *Causey*, 450 F.3d at 604. Indeed, no state court found any of Petitioner's filings untimely, and the appellate and state supreme courts treated Petitioner's filings as timely. "[W]hen the denial of an application is based on untimeliness, Louisiana courts routinely and unmistakably indicate so in their opinions." *Causey*, 450 F.3d at 606, *quoting Grillette v. Warden*, 372 F.3d 765, 775 (5th Cir. 2004)). There was no such indication by either the First Circuit or the Louisiana Supreme Court here and ignoring the "adoption of the prison mailbox rule [by the state courts] would be inconsistent with basic principles of comity and with the respect due state court decisions under AEDPA." *Causey*, 450 F.3d at 607, *citing Melancon*, 259 F.3d at 405 n. 3. Accordingly, this Report uses the date Petitioner's filings were signed and dated as the date of filing, rather than the date the filings were received by the courts. *See Bourque v. Louisiana Department of Public Safety and Corrections*, No. 2016-1342 (La.App. 1 Cir. 4/12/2017), 218 So.3d 1041, 1043-44. Contrary to Respondent's assertion, the notice of intent to appeal and the filing of the writ with the Louisiana Supreme Court were timely.
[19] R. Doc. 11, p. 35.

3

filed a timely notice of intent to file a writ application regarding the denial of his PCR application with the First Circuit on June 19, 2015.[20] Petitioner was given a return date of July 30, 2015 to submit his writ application.[21] On September 8, 2015, Petitioner's writ was denied by the First Circuit on the showing made because Petitioner failed to include pertinent documents, but Petitioner was given a deadline of November 9, 2015 to file a new writ application.[22] Petitioner filed a subsequent writ application with the First Circuit,[23] which was denied on January 14, 2016.[24] On February 12, 2016,[25] Petitioner filed a writ application with the Louisiana Supreme Court seeking further review as to his PCR application. On August 4, 2017, the Louisiana Supreme Court denied writs.[26] Petitioner filed the instant application on July 10, 2018, nearly one year later.[27] Between the conclusion of state review of Petitioner's PCR application and the date he filed the habeas application in this Court, another 339 days passed. A total of 566 days of untolled time (227 + 339) renders his habeas application in this Court untimely.

### B. Petitioner Is Not Entitled to Statutory or Equitable Tolling

Because Petitioner's application is untimely, this Court must dismiss it under 28 U.S.C. § 2244(d) unless the petitioner can establish that he is entitled statutory tolling of the limitations period under § 2244(d)(1)(B), because there was a state-created impediment to timely filing, or that he is entitled to equitable tolling.

---

[20] R. Doc. 11, p. 36. As noted above, the date of filing is June 19, 2015, not June 23, 2015, as asserted by Respondent, so the notice of intent was timely under the Louisiana Uniform Rules-Courts of Appeal 4-3, and both the state district court and First Circuit treated the notice of intent and appeal as timely. R. Doc. 11, pp. 37 & 41.
[21] R. Doc. 11, p. 37.
[22] R. Doc. 11, p. 41.
[23] R. Doc. 12, pp. 31-78.
[24] R. Doc. 12, p. 29.
[25] R. Doc. 1-4, p. 6. The Respondent has used February 23, 2016 as the filing date with the Louisiana Supreme Court and has urged this Court to refuse to toll the time while the application was pending at the Louisiana Supreme Court. As discussed above, the filing date urged by Respondent is incorrect. Petitioner filed his application with the Louisiana Supreme Court on February 12, 2016, which was timely under Louisiana Supreme Court Rule X.
[26] R. Doc. 1-4, p. 3; R. Doc. 11, pp. 42-43; *State ex rel. Christmas v. State*, No. 2016-0326, 222 So.3d 1267 (La. 8/4/2017).
[27] R. Doc. 1, p. 5.

4

To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), Petitioner must show that some state action, in violation of the Constitution or federal law, prevented him from filing a timely petition.[28] Petitioner has made no such showing in this case.[29] Accordingly, there is no legal or factual basis in the record for a finding that Petitioner is entitled to statutory tolling under this section.

Nor has Petitioner established that he is entitled to equitable tolling. It is Petitioner's burden to demonstrate that equitable tolling is warranted,[30] which is only "in rare and exceptional circumstances."[31] Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[32]

Generally, a litigant seeking equitable tolling bears the burden of establishing that, despite diligently pursuing his rights, some extraordinary circumstance has stood in his way.[33] "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."[34] Ignorance of the law, lack of knowledge of filing deadlines, or a temporary denial of access to research materials or an adequate law library are generally not sufficient to warrant equitable tolling.[35] Here, Petitioner argues he is

---

[28] *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).
[29] As discussed below, Petitioner argues that he did not receive notice of the opinion of the Louisiana Supreme Court until nearly a year after it was issued, but the failure of a state court to provide notice of its rulings on requests for relief from state convictions generally implicates equitable, rather than statutory, tolling. *See Phillips v. Donnelly*, 216 F.3d 508 (5th Cir. 2000); *Critchley v. Thaler*, 586 F.3d 318, 318 n. 3 (5th Cir. 2009) ("when the state fails to provide notice of its ruling on a state habeas petition to the affected petitioner as is required by Texas law, equitable tolling rules govern that situation.").
[30] *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).
[31] *See United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000).
[32] *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).
[33] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).
[34] *Hardy*, 577 F.3d at 598, *citing In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).
[35] *Tate v. Parker*, 439 Fed.Appx. 375, 376 (5th Cir. 2011), *citing Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) and *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000).

entitled to equitable tolling because he did not receive notice of the ruling of the Louisiana Supreme Court on his writ application until June 18, 2018, not when it was issued on August 4, 2017.[36] "A state-created delay in sending a court opinion to a petitioner may constitute an extraordinary circumstance,"[37] but the petitioner must still demonstrate that he or she exercised due diligence.

The Fifth Circuit takes a holistic approach to determining whether equitable tolling is warranted—there is no bright line rule.[38] "A petitioner seeking equitable tolling must demonstrate that he pursued the [habeas corpus relief] process with diligence and alacrity both before and after receiving notification that his state petition was denied."[39] The promptness in filings in other cases where equitable tolling was found to be warranted or not warranted "offers useful guidance, but the equitable nature of tolling requires a holistic assessment of the petitioner's diligence."[40] Similarly, the promptness and frequency of inquiry into the status of a petitioner's case provides guidance regarding when tolling may be warranted.

For state habeas filings, the Fifth Circuit has found diligence when a petitioner waited two months to file,[41] but not when it took up to seven months to file.[42] Similarly, when a state court failed to provide notice of its ruling, the Fifth Circuit has found diligence where the first status inquiry was eight or eleven months after filing, and the petitioner made multiple follow-up

---

[36] R. Doc. 1-1, p. 4.
[37] *Diggs v. Vannoy*, 840 Fed.Appx. 779, 781 (5th Cir. 2021), *citing Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).
[38] *See Diggs*, 840 Fed.Appx. at 781 ("Equitable tolling is discretionary, does not lend itself to bright-line rules, and turns on the facts and circumstances of a particular case.") (internal quotations and citations omitted).
[39] *Diggs*, 840 Fed.Appx. at 781, *quoting Hardy*, 577 F.3d at 598 (alteration in original) (quoting *Phillips*, 216 F.3d at 511).
[40] *Diggs*, 840 Fed.Appx. at 781, *citing Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir 2019) and *Palacios v. Stephens*, 723 F.3d 600, 606 (5th Cir. 2013). The promptness of filings throughout the state and federal levels is relevant to the inquiry. *Jackson,* 933 F.3d at 411–13.
[41] *Hardy*, 577 F.3d at 599.
[42] *Stroman v. Thaler*, 603 F.3d 299, 302-303 (5th Cir. 2010).

inquiries.  However, the Fifth Circuit has found that petitioners did not act with diligence: when no status inquiry was made until thirty months after filing[43] and when eighteen months passed before the second status inquiry was made.[44]  The Fifth Circuit has also found that a petitioner did not act with diligence when he waited eleven months to inquire as to the status of his writ application, waited nine months to file an application for post-conviction relief, and waited three months to file a federal habeas action.[45]

 Here, Petitioner waited over seven months before filing his PCR application with the trial court.  Petitioner also did not inquire regarding the status of his writ with the Louisiana Supreme Court until March 14, 2017, approximately thirteen months after filing.[46]  He received a response that the writ application was still pending, dated March 21, 2017,[47] and did not follow up with the Louisiana Supreme Court again until June 7, 2018, almost sixteen months later.[48]  While Petitioner waited only twenty-two days after receiving notice of the Louisiana Supreme Court's opinion before submitting his federal habeas petition to prison officials for mailing, the infrequent inquiries with long delays regarding the status of the Louisiana Supreme Court's ruling, coupled with the extended time period before filing his PCR application, establish that Petitioner did not act with reasonable diligence.[49]

---

[43] *Lewis v. Cockrell*, 275 F.3d 46 (5th Cir. 2001).
[44] *Stroman*, 603 F.3d at 302-303.
[45] *Clarke v. Rader*, 721 F.3d 339 (5th Cir. 2013).
[46] R. Doc. 1-1, p. 5; R. Doc. 1-3, p. 3.
[47] R. Doc. 1-3, p. 5.
[48] The Louisiana Supreme Court responded promptly to both inquiries, responding to the first inquiry within a week. R. Doc. 1-3, pp. 5, 9.
[49] It should also be considered that Petitioner had experience seeking review at the Louisiana Supreme Court, having done so on direct appeal.  The Louisiana Supreme Court's denial of his writ on direct appeal took about six months from when his writ was filed (July 3, 2012 to January 25, 2013).  The denial of the writ on the PCR application took almost a year longer (February 12, 2016 to August 4, 2017).  It seems the much longer time period would have prompted Petitioner to inquire sooner.

7

The Fifth Circuit recently decided that equitable tolling was not warranted in a case with similar facts. In *Diggs v. Vannoy*, the petitioner waited eleven months to file his application for post-conviction relief; did not inquire regarding the status of his case at the Louisiana Supreme Court for over a year and a half; and once he received notice of the ruling, waited another twenty-nine days to file his habeas petition in federal court.[50]

Considering the procedural history in this case, Petitioner did not exercise reasonable diligence and is, therefore, not entitled to equitable tolling regarding his untimely federal habeas application.[51]

### III.  A Certificate of Appealability Should be Denied

Should Petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[52] Although Petitioner has not yet filed a Notice of Appeal, the Court may address whether he would be entitled to a certificate of appealability.[53] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[54] In cases where the court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional rights and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[55] In the instant case, reasonable jurists would not debate the correctness of the procedural ruling that Petitioner's application is untimely. Accordingly, in the

---

[50] *Diggs*, 840 Fed.Appx. at 781–82.
[51] As Petitioner's federal habeas application is untimely and not subject to tolling, this Report does not reach the substantive arguments in the application, nor does it address Respondent's arguments regarding exhaustion.
[52] 28 U.S.C. § 2253(c)(1)(A).
[53] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[54] 28 U.S.C. § 2253(c)(2).
[55] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).

event Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

**IT IS RECOMMENDED** that Petitioner's application for habeas corpus relief[56] be **DENIED** as untimely**,** and that this proceeding be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED** if Petitioner seeks to pursue an appeal.

Signed in Baton Rouge, Louisiana, on August 6, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[56] R. Doc. 1

9