UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KENDRICK CHRISTMAS (#585115)**  CIVIL ACTION

**VERSUS**

**DARREL VANNOY, ET AL**  NO. 18-00691-BAJ-EWD

### RULING AND ORDER

Before the Court is a Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254 filed by Petitioner Kendrick Christmas. (Doc. 1). The Petition is opposed. (Doc. 6). The Magistrate Judge has issued a **Report and Recommendation** recommending that the Court deny Petitioner's Writ as untimely. (Doc. 15). Petitioner objected to the Report and Recommendation (Doc. 16).

Upon *de novo* review of Petitioner's habeas application and related papers submitted in this Court, the underlying state court record, and the evidence developed in state court and in these federal proceedings, the Court approves and will adopt substantially all of the R&R as its opinion in this matter, as set forth herein.

In the Recommendation, the Magistrate Judge acknowledged that a prisoner in state custody must seek federal habeas relief within a year of his conviction becoming final. 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final "when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied." *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). A properly

filed application for state habeas relief or other collateral review tolls this time period. *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019).

Here, Petitioner filed a motion for appeal on June 20, 2011. (Doc. 7, p. 126). His direct appeal to the Louisiana First Circuit Court of Appeal was filed on December 12, 2011. (Doc. 12, p. 279-308). The appeal was denied on June 8, 2012. (Doc. 1, p. 1). Petitioner's writ application was filed with the Louisiana Supreme Court on July 3, 2012. (Doc. 12, p. 260-277). The Louisiana Supreme Court denied Petitioner's writ application on January 25, 2013. (Doc. 11, p. 34). Petitioner did not seek further review, thus the conviction became final on April 25, 2013. Petitioner filed his federal application for post-conviction relief (PCR) on December 10, 2013. On May 21, 2015 his PCR application was denied. On June 19, 2015, he timely filed a notice of intent to file a writ application for denial of his PCR application. On September 8, 2015, Petitioner's writ was denied. Petitioner was permitted to file a new writ application on November 9, 2015 that was subsequently denied on January 14, 2016. (Doc. 12, p. 29).[1] On February 12, 2016, Petitioner filed his writ application with the Louisiana Supreme Court. It was denied on August 4, 2017. Petitioner filed the instant application on July 10, 2018, nearly one year later.

The Court agrees that Petitioner is not entitled to statutory tolling. The United States Court of Appeals for the Fifth Circuit has recognized that a petitioner

---

[1] The Louisiana First Circuit Court of Appeal denied Petitioner's application for failure include "a filed-stamped copy of the application for postconviction relief, the State's answer, if any, the trial transcript, pertinent court minutes, and any other portions of the district court record that might support the claims raised in the application for postconviction relief;" while also granting him leave to amend his application. (Doc. 11, p. 41).

2

is entitled to statutory tolling if he was "prevented from filing" his habeas application due to an "impediment... created by State action in violation of the Constitution or laws of the United States." 28 U.S.C. § 2244(d)(1)(B). *Clarke v. Rader*, 721 F.3d 339, 342 (5th Cir. 2013). However, the failure of a state court to provide notice of its rulings on requests for relief from state convictions generally implicates equitable tolling.[2] *See Phillips v. Donnelly*, 216 F.3d 508 (5th Cir. 2000); *Critchley v. Thaler*, 586 F.3d 318, 318 n.3 (5th Cir. 2009) ("when the state fails to provide notice of its ruling on a state habeas petition to the affected petitioner as is required by Texas law, equitable tolling rules govern that situation.").

Further, the Court agrees with the Magistrate Judge's analysis that Petitioner is not entitled to equitable tolling because he did not act with reasonable diligence. (Doc. 16, p.7). The Fifth Circuit requires that a comprehensive analysis must be taken when determining whether equitable tolling is warranted. *See Diggs v. Vannoy*, 840 F. App'x. 779, 781 (5th Cir. 2021). (Equitable tolling is "discretionary;" it "does not lend itself to bright-line rules," and "turns on the facts and circumstances of a particular case.") *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999 (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). The Fifth Circuit determined that "a petitioner seeking equitable tolling must demonstrate that he pursued the [habeas corpus relief] process with diligence and alacrity both before and after receiving notification that his state petition was

---

[2] In *Phillips*, petitioner did not receive notice of the Louisiana Supreme Court's ruling on his habeas petition until June 18, 2018, nearly a year after it was issued on August 4, 2017. (Doc. 1-1, p. 4).

3

denied." *Diggs v. Vannoy*, 840 F. App'x. 779, 781 (5th Cir. 2021). "The promptness and frequency of inquiry into the status of a petitioner's case provides guidance regarding when tolling may be warranted." *Brown v. Vannoy*, No. CV 17-0314-JWD-EWD, 2021 WL 4074793, at *4 (M.D. La. Aug. 6, 2021), report and recommendation adopted, No. CV 17-0314-JWD-EWD, 2021 WL 4066989 (M.D. La. Sept. 7, 2021). In *Hardy v. Quaterman*, 577 F.3d 596, 599 (5th Cir. 2009), for example, the Fifth Circuit found a petitioner acted with reasonable diligence when he waited two months to file his state habeas petition. However, in *Stroman v. Thaler*, 603 F.3d 299, 302-303 (5th Cir. 2010), the Fifth Circuit concluded that a petitioner did not act with reasonable diligence when he waited seven months to file his state habeas petition. Moreover, the Fifth Circuit held that a petitioner also showed reasonable diligence, despite having waited eleven months before filing his state habeas petition, when he made four inquiries to the state court about its delay and contacted the federal court about his federal petition seventeen days after he learned of the state court's ruling. *Williams v. Thaler*, 400 F.App'x 886, 891 (5th Cir. 2010).

Here, the Court agrees that Petitioner did not act with reasonable diligence. Although, "some extraordinary circumstance stood in his way and prevented timely filing." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (petitioner did not receive notice that his state habeas petition was denied for eighteen month). Christmas waited seven months to file his state habeas petition after his conviction became final. (Doc. 12, pp. 83-88). Petitioner then waited twenty-two days after receiving notice of the Louisiana Supreme Court's opinion before filing his federal habeas petition. (Doc.

4

1-5, pp. 53-60; Doc. 12, pp. 83-88). He did not inquire about the status of his writ with the Louisiana Supreme Court until thirteen months after filing. (Doc. 15, p. 7). And upon receiving a response seven days later, he did not inquire again for sixteen months. (Doc. 1-3, p.5). In total, 566 days of untolled time passed prior to Petitioner filing his federal habeas application with this Court.

Accordingly, Petitioner is not entitled to equitable tolling for his untimely federal habeas application because he failed to exercise reasonable diligence by delaying the filing his state habeas petition and by failing to make timely inquiries about the status of the Louisiana Supreme Court's ruling.

Still, however, the Court acknowledges that jurists of reason could disagree with its analysis that Petitioner's application is untimely, or (at least) would "conclude the issues presented are adequate to deserve encouragement to proceed further." *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005). Accordingly, the Court will not adopt that portion of the R&R that recommends denying a Certificate of Appealability as to the timeliness of Petitioner's application. Rather, having determined that Petitioner has made a "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court shall issue a certificate of appealability as to this issue.

In sum, having carefully considered the matter, the Court **APPROVES IN PART** the Magistrate Judge's Report and Recommendation (Doc. 16) and **ADOPTS** it as the Court's opinion as set forth herein.

Accordingly,

**IT IS ORDERED** that Petitioner's application for habeas corpus relief is **DENIED**, and the above captioned action be and is hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 2253(c), a certificate of appealability be and is hereby issued as to the timeliness of Petitioner's Writ of Habeas Corpus.

Baton Rouge, Louisiana, this 31st day of March, 2022

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**