## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KENDRICK CHRISTMAS**                                          **CIVIL ACTION**

**VERSUS**

**DARREL VANNOY, ET AL.**                                      **NO. 18-00691-BAJ-EWD**

### RULING AND ORDER

On March 31, 2022, the Court issued its judgment dismissing with prejudice Petitioner's application for habeas relief under 28 U.S.C. § 2254, determining that it was untimely. (Doc. 18). By the same judgment, the Court issued Petitioner a certificate of appealability (COA) to seek appellate review of the timeliness of his Petition. (*Id.*).

After the entry of the Court's judgment, Petitioner had 30 days to file a notice of appeal (NOA). Fed. Rule App. Proc. 4(a)(1)(A); 28 U.S.C. § 2107(a). He failed to do so. Instead, on June 10, 2022, after having submitted multiple unanswered requests to the Circuit for a "return date," Petitioner came back to this Court and filed a Motion For Relief From Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 60, explaining that his failure to timely file a NOA was due to "confusion" regarding the effect of this Court having granted a COA in the first instance:

> Generally when a party is seeking a Certificate of Appealability to the U.S. 5th Circuit, it is because the U.S. District Court has denied COA [sic], and in light of that the party must filed [sic] a "Notice of Intent" to appeal the denial of COA. Well, here, since the COA was "granted" in the very first instant [sic], petitioner understood this to signify that he had already cleared the initial hurdle and the forty (40) days for filing to the U.S. 5th Circuit would began [sic] as soon as they forwarded to him the "Notice" of the assigned case number and the return date and/or provide the briefing schedule.

(Doc. 20 at pp. 4-5).

The Court credits Petitioner's account for his failure to timely file a NOA, and is sympathetic to Petitioner's position. By any measure, the rules governing habeas procedure are often obscure and confusing—"byzantine," even—particularly for those proceeding *pro se. See McQuiggin v. Perkins*, 569 U.S. 383, 411 (2013) (Scalia, J., dissenting); *Hohn v. United States*, 524 U.S. 236, 265 (1998) (Scalia, J., dissenting); *McFarland v. Scott*, 512 U.S. 1256 (1994) (Blackmun, J. dissenting). Still, the Court's hands are tied. "[T]he requirement of filing a timely notice of appeal is mandatory and jurisdictional," and the deadline to file a NOA can *only* be extended "if certain conditions are met." *Bowles v. Russell*, 551 U.S. 205, 208-210 (2007) (quotation marks omitted). Specifically, the Court may reopen the time to file an appeal for a period of 14 days if either: (1) the petitioner files a motion to reopen *not later than* 30 days after the expiration of the time otherwise set for filing a NOA; or (2) the petitioner files a motion to reopen not later than 180 days after the judgment was entered, provided that the petitioner did *not* receive timely notice of the original judgment. Fed. Rule App. Proc. 4(a)(1)(A); 28 U.S.C. § 2107(a). Here, Petitioner cannot satisfy either condition because: (1) he filed his Motion more than 30 days after his original deadline to file a NOA; *and* (2) he tacitly admits that he received timely notice of the original judgment, but simply misunderstood its effect.

In short, this Court lacks jurisdiction to grant Petitioner the relief he seeks. *E.g.*, *Bowles*, 551 U.S. at 215 (dismissing for lack of jurisdiction petitioner's untimely appeal of district court's denial of habeas relief); *Jordan v. Davis*, 698 F. App'x 203,

2

204 (5th Cir. 2017) (same, instructing that "a Rule 60 motion may not be used to circumvent the time limits for appealing, especially where the motion was made after the time for seeking an extension of time for appeal has expired" (citing authorities)).

Accordingly,

**IT IS ORDERED THAT** Petitioner's **Motion For Relief From Judgment Pursuant To Rules Of Civil Procedure, Rule 60b(1) & (6) (Doc. 20)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 13th day of February, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**